UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  2:20-cv-06241-SVW-MAA                                              Date:  August 11, 2020

Title:   Michael Allen v. Ralph M. Diaz

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|     James Muñoz     |     N/A     |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:
                N/A                                                                        N/A

**Proceedings (In Chambers):**         Order re: Filing of Petition

On July 10, 2020, the Court received and filed Petitioner Michael Allen's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ("Petition," ECF No. 1.)  The Petition raises two grounds for federal habeas relief: (1) a Fourteenth Amendment Equal Protection claim challenging his 1992 California conviction and sentence based on a 2018 state legislative amendment to his statute of conviction; and (2) a Fourteenth Amendment Equal Protection claim challenging the California state courts' recent denials of habeas relief.  (*Id.* at 5, 12–29.)[1]

The Petition suffers from certain procedural defects that must be resolved before Petitioner may proceed with this action.  These defects are listed below.  The Court **ORDERS** Petitioner to respond to the following issues by no later than **October 13, 2020**.

---

[1] Petitioner attached the following court documents from his state habeas proceedings: a partial copy of the Los Angeles County Superior Court's October 8, 2019 order denying habeas corpus relief (Petition, at 36–39); the California Court of Appeal's October 30, 2019 order summarily denying habeas corpus relief (*id.*, at 68); and the California Supreme Court's March 11, 2020 order summarily denying habeas corpus relief (*id.*, at 70).  The Court takes judicial notice of these state court decisions.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-06241-SVW-MAA                                    Date:  August 11, 2020

Title:    Michael Allen v. Ralph M. Diaz

**Second or Successive Petition**

The Petition appears to be an unauthorized second or successive petition challenging this conviction.  If so, then the Petition is subject to summary dismissal for lack of jurisdiction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

28 U.S.C. § 2244(b) limits habeas petitioners from asserting certain claims in a second or successive petition without leave from a United States Court of Appeals.  As articulated by the United States Supreme Court:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).
> § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529–530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656–657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).  District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions.  *Id.* at 153; *see also* 28 U.S.C. § 2244(b)(2); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

Petitioner challenges a 1992 murder conviction under California Penal Code section 187, for which he was sentenced to life in prison without the possibility of parole.  (Petition, at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-06241-SVW-MAA                                                   Date:  August 11, 2020

Title:    Michael Allen v. Ralph M. Diaz

  The Court takes judicial notice of Petitioner's prior federal habeas cases relating to this conviction.  In 1998, Petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising several claims challenging his 1992 conviction and sentence.  Pet., *Allen v. Fillon*, No. 2:98-cv-09703-LGB-RZ ("*Allen I*") (C.D. Cal. Dec. 3, 1998), ECF No. 1.  This petition was dismissed with prejudice based on Petitioner's failure to comply with the one-year statute of limitations for federal habeas corpus petitions.  Report & Recommendation ("R&R"), *Allen I* (Oct. 15, 1999), ECF No. 25; Order, *Allen I* (Nov. 17, 1999), ECF No. 31.  Both the District Court and the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability.  Order, *Allen I* (Jan. 4, 2000), ECF No. 38; 9th Cir. Mandate, *Allen I* (May 23, 2001), ECF No. 58.

  In 2001, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was summarily dismissed as an unauthorized second or successive habeas petition.  Pet., *Allen v. Lamarque*, No. 2:01-cv-04351-LGB-RZ ("*Allen II*") (C.D. Cal. May 14, 2001), ECF No. 1; Order, *Allen II* (C.D. Cal. June 26, 2001), ECF No. 4.

  The Petition here appears to be an unauthorized second or successive petition.  Petitioner's 1998 petition for writ of habeas corpus, which challenged the same 1992 conviction and sentence, was dismissed as untimely.  *See* R&R, *Allen I* (Oct. 15, 1999), ECF No. 25; Order, *Allen I* (Nov. 17, 1999), ECF No. 31.  A dismissal for untimeliness operates as a disposition on the merits.  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).  Accordingly, a subsequent petition challenging the same conviction constitutes a "second or successive" habeas petition relative to the *Allen I* petition.  Because the instant Petition is predicated on the same conviction and sentence challenged in the *Allen I* Petition, the Petition appears to be second or successive relative to the *Allen I* petition.[2]

---

[2] In Ground Two of the Petition, Petitioner argues that the state courts have violated his right to equal protection during the course of his state habeas proceedings.  (Petition, at 5, 26–29.)  Because this claim is predicated on the state courts' 2019 and 2020 denials of habeas relief, rather than the 1992 conviction, it may not be subject to the bar on second or successive petitions.  *See United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded.").  However, this claim is subject to summary dismissal on a separate basis: it is not cognizable on federal habeas review.  *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam) ("[E]rrors in a state post-conviction review proceeding are [not] addressable through federal habeas corpus."); *see also Villafuerte v. Stewart*, 111 F.3d 616, 632 n. 1 (9th Cir. 1997) (finding claim that petitioner was "denied due process in his state habeas corpus proceedings" was "not addressable in a section 2254 proceeding").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-06241-SVW-MAA                                        Date:  August 11, 2020

Title:     Michael Allen v. Ralph M. Diaz

    Even if Petitioner could demonstrate that he qualifies for an exception to the bar on successive petitions, he must have obtained permission from the Ninth Circuit before bringing the claims in the instant Petition.  *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).  Petitioner has not shown that he sought or obtained authorization to file the instant Petition with any United States Court of Appeals.  (*See generally* Petition.)  The Court's independent search of the Ninth Circuit Court of Appeals' dockets using the electronic PACER case locator function indicates Petitioner neither sought nor obtained such authorization.

    Accordingly, this district court appears to lack jurisdiction to entertain the Petition, and summary dismissal is appropriate.

    Out of consideration for Petitioner's *pro se* status, the Court will permit Petitioner an opportunity to respond before issuing a recommendation that the Petition be summarily dismissed.

    Petitioner is **ORDERED** to show cause in writing by no later than **October 13, 2020** why this Court should not recommend dismissal of the Petition as an unauthorized second or successive petition.  Petitioner may satisfy this Order to Show Cause by filing a written response containing one or more of the following: (1) an admission that Petitioner challenges the same judgment of conviction he challenged in the *Allen I* petition; (2) information identifying a judgment of conviction the Petition challenges that is different from the judgment of conviction Petitioner challenged in the *Allen I* petition; (3) information showing Petitioner sought and received leave from the United States Court of Appeals for the Ninth Circuit to file a second or successive petition in this Court (including, but not limited to, the Ninth Circuit's decision on his application for leave to file a second or successive petition); or (4) a response arguing why the Petition is not subject to the bar on second or successive petitions.

    Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

    **Petitioner is expressly cautioned that failure to respond to this Order by October 13, 2020 will result in a recommendation that the Petition be summarily dismissed as an unauthorized second or successive petition, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:20-cv-06241-SVW-MAA                                    Date:  August 11, 2020

Title:     Michael Allen v. Ralph M. Diaz

### Personal Jurisdiction

The proper respondent in a state habeas action is the "state officer having custody" of the petitioner.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted).  "This person typically is the warden of the facility in which the petitioner is incarcerated."  *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition.  *See id.*

Petitioner named "Ralph M. Diaz, Secretary" as the sole respondent to his Petition.  (Petition, at 1.)  Secretary Diaz is not the proper respondent to this action because he is the Secretary for the California Department of Corrections and Rehabilitation, rather than the warden of the institution in which Petitioner is incarcerated.  Petitioner is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of California State Prison-Centinela, the institution in which Petitioner is incarcerated (*see id.*)—by no later than **October 13, 2020**.  The response may take the form of either a Notice or an Amended Petition naming the proper respondent.  Failure to file such a response will result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.

**Petitioner is expressly cautioned that failure to respond to this Order by October 13, 2020 will result in a recommendation that the Petition be dismissed without prejudice for lack of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))